**REESE LLP**
Michael R. Reese (Cal. State Bar No. 206773)
*mreese@reesellp.com*
Sue J. Nam (Cal. State Bar No. 206729)
*snam@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272
Email:  *mreese@reesellp.com*
           *snam@reesellp.com*

**REESE LLP**
George V. Granade (Cal. State Bar No. 316050)
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
Facsimile: (212) 253-4272
Email:  *ggranade@reesellp.com*

**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan
505 Northern Blvd Ste 311
Great Neck New York 11021-5101
Telephone: (516) 303-0552
Email: *spencer@spencersheehan.com*

*Counsel for Plaintiff Sean McGinity
and the Proposed Class*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN MCGINITY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE PROCTER & GAMBLE COMPANY,<br><br>Defendant. | Case No. 20-cv-8164<br><br>CLASS ACTION COMPLAINT FOR:<br><br>1. Violation of the California Consumers Legal Remedies Act<br>2. Violation of the California False Advertising Law<br>3. Violation of the California Unfair Competition Law<br><br>JURY TRIAL DEMANDED |

Plaintiff SEAN MCGINITY ("Plaintiff") brings this Class Action Complaint, on behalf of himself and all others similarly situated, against Defendant THE PROCTER & GAMBLE COMPANY ("Defendant"), demanding a trial by jury, and alleges as follows:

**JURISDICTION & VENUE**

1. This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) in that: (1) this is a class action involving more than 100 class members; (2) Plaintiff is a citizen of the State of California and the class he seeks to represent are also citizens of California and Defendant is a citizen of the State of Ohio; and (3) the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs.

2. Pursuant to 28 U.S.C. § 1391(d), venue is proper in this District because a substantial part of the events, omissions, acts and transactions giving rise to the claims herein occurred in Sonoma County, California.

**SUMMARY OF THE ACTION**

3. This is a proposed class action complaint brought on behalf of a Class, as defined below, of California consumers who purchased personal care products ("PCPs") manufactured, marketed, advertised, sold and labeled by Defendant as: "PANTENE PRO-V NATUREFUSION" shampoos and conditioners.

4. Defendant represents that the Products are natural, when, in fact, they contain non-natural and synthetic ingredients, harsh and potentially harmful ingredients, and are substantially unnatural. Defendant's claims pertaining to the natural qualities of the Products are false, misleading, designed to deceive consumers into paying a price premium for the Products, and designed to mislead reasonable consumers into selecting Defendant's Products over other competing PCPs. Indeed, a recent consumer survey of more than 400 consumers conducted by an independent third party evidences that more than 77% of consumers were deceived to believe the product contained more natural ingredients than artificial ingredients, when in fact that was not true. This lawsuit seeks to enjoin Defendant's false and misleading practices and to recover damages and restitution on behalf of the class under applicable state laws.

CLASS ACTION COMPLAINT

- 1 -

**PARTIES**

5. Plaintiff Sean McGinity is, and at all times relevant to this action has been, a citizen of California residing in the City of Santa Rosa, County of Sonoma, State of California.

6. Plaintiff purchased Defendant's Products — Pantene Pro-V NatureFusion Smoothing Shampoo and Pantene Pro-V NatureFusion Smoothing Conditioner — on or about June 19, 2019 at a Safeway grocery store in Santa Rosa, California.

7. Plaintiff purchased the Products, for which he paid a price premium, because he wanted to use personal care products that were natural. Plaintiff purchased Defendant's NATUREFUSION Products based on claims on the Product's label that the Products were of, by and from "NATURE".

8. Plaintiff relied on Defendant's false and misleading labels in making his purchases, having been misled and deceived into thinking that Defendant's Products were from nature or otherwise natural. Had Plaintiff known at the time that the Products were not, in fact natural but were instead made with unnatural, synthetic ingredients, he would not have purchased the Products or paid a price premium to purchase them.

9. If Plaintiff knew the Product labels were truthful and non-misleading, he would continue to purchase the Products in the future. At present, however, Plaintiff cannot be confident that the labeling of the Products is, and will be, truthful and non-misleading.

10. Defendant THE PROCTER & GAMBLE COMPANY is incorporated in the State of Ohio, with its principal place of business at 1 Procter & Gamble Plaza, Cincinnati, Ohio 45202.

11. Defendant manufactures, markets, advertises and sells personal care products, also known as PCPs, including the NATUREFUSION Products, one or more of which were purchased by Plaintiff and members of the proposed Class. Defendant manufactured, marketed, advertised, distributed and sold its NATUREFUSION Products widely throughout the State of California and the Northern District of California during the class period.

12. Defendant is a top manufacturer and distributor of PCPs, with multi-outlet retail sales in the regular shampoo category alone of nearly $600 million USD annually during the Class

1 Period.[1]

2    13.    At all time periods relevant to the allegations, claims and causes of action herein, Defendant acted through its officers, directors, employees, agents, intermediaries, representatives and vendors, all of whom were acting on Defendant's behalf and at Defendant's behest, with actual or apparent authority, in committing the acts and omissions described herein.

## FACTS COMMON TO ALL CAUSES OF ACTION

14.    Recently, the regular shampoo category in the U.S. has had overall growth of less than one percent; during the same period, however, Defendant saw average gains of 21%.[2]

15.    In or about the year 2016, in order to maintain and increase market share, and to capitalize on consumers' growing interest in and demand for natural and healthy PCPs, Defendant revised, reformulated and rebranded its "Pro-V" line of PCPs to place an emphasis on NATURE in its "NATUREFUSION" line of Products purchased by Plaintiff and the proposed Class.

16.    Defendant markets, advertises and sells its present formulations of NatureFusion PCPs—the Products purchased by Plaintiff and members of the proposed Class—in packaging which bears on its front the labels and inscriptions "NATUREFUSION" and an avocado on a green leaf as depicted below:

---

[1] *Top shampoo players clean up*, Drug Store News, Vol. 38, No. 4 (April 2016) at pp. 24; drugstorenews.com.

[2] *Id.*

CLASS ACTION COMPLAINT
- 3 -




17. The Products purchased by Plaintiff and the proposed Class are deceptive and misleading because the Products contain and are substantially comprised of non-natural ingredients.

18. "Nature" is commonly and reasonably understood as "*natural* condition" by reasonable consumers.³ Natural is commonly and reasonably understood by reasonable consumers to mean "as found in *nature* and *not* involving anything made or done by people" such as, for example, "a natural substance."⁴

19. 'Natural' is commonly and reasonably understood by reasonable consumers in both

---

³ Merriam-Webster, https://www.merriam-webster.com/dictionary/nature (last accessed May 22, 2020) (emphasis added).

⁴ Cambridge Dictionary, https://dictionary.cambridge.org/dictionary/english/natural (last accessed May 22, 2020) (emphasis added).

CLASS ACTION COMPLAINT
- 4 -

the affirmative: "existing in or produced by nature" and "having a form or appearance found in nature"; and the negative: "*not* artificial" and "*not* cultivated."[5]

20. To the average and reasonable consumer, "**NATURE**" is reasonably understood to mean 'natural' and 'not artificial.'

21. To the detriment of consumers, inclusive of Plaintiff and the proposed class, Defendant's Products are not natural.

22. All of Defendant's Products contain, *inter alia*, several of the following ingredients that are not natural:

- sodium laureth sulfate
- cocamidopropyl betaine
- cocamide MEA
- sodium citrate
- sodium xylenesulfonate
- fragrance
- dimethiconol
- citric acid,
- sodium benzoate
- guar hydroxypropylitrimonium chloride
- disodium EDTA
- panthenyl ethyl ether
- methylchloroisothiazolinone
- Yellow 5
- methylisothiazolinone
- Blue 1
- Red 33
- behentrimonium methosulfate,
- bis-aminopropyl dimethicone,
- benzyl alcohol

---

[5] Merriam-Webster, https://www.merriam-webster.com/dictionary/natural (last accessed May 22, 2020) (emphasis added).

CLASS ACTION COMPLAINT
- 5 -

- dicetyldimodonium chloride

23. Sodium laureth sulfate, cocamidopropyl betaine, cocamide MEA, sodium citrate, sodium xylenesulfonate, fragrance, dimethiconol, citric acid, sodium benzoate, guar hydroxypropylitrimonium chloride, disodium EDTA, panthenyl ethyl ether, methylchloroisothiazolinone, Yellow 5, methylisothiazolinone, Blue 1, Red 33, behentrimonium methosulfate, bis-aminopropyl dimethicone, benzyl alcohol, and dicetyldimodonium chloride are not 'natural' ingredients, nor are they found in "NATURE."

24. As further guidance as to what a reasonable consumer likely thinks is 'natural', the Natural Products Association ("NPA"), a respected industry trade group, refuses to certify as "natural" any products that contain:

- cocamide MEA
- behentrimonium methosulfate
- cocamidopropyl betaine
- dimethicone ("dimethiconol" in Defendant's PCPs)
- disodium EDTA
- methylisothiazolinone
- sodium laureth sulfate

25. All these ingredients all found in Defendant's "NATUREFUSION" Products.[6]

26. The NPA Standard and Certification for PCPs also prohibits "Synthetic Fragrances."[7]

27. Upon information and belief, the "fragrance" in Defendant's Products is synthetic and thus prohibited by the NPA Standard and Certification for PCPs.

28. The "fragrance" found in Defendant's Products is not natural nor is it associated with "NATURE".

29. The NPA Standard's definition of "natural" ingredients prohibits those that

---

[6] Natural Products Association, *NPA Standard and Certification for Personal Care Products*, The Natural Standard (04/20/17), Prohibited ingredients, available at https://www.npanational.org/wp-content/uploads/2017/03/The-Natural-Standard-042717.pdf (last accessed May 22, 2020).

[7] *NPA Standard and Certification for Personal Care Products,* fn. 11, *supra.*

CLASS ACTION COMPLAINT
- 6 -

incorporate or are derived from "petroleum compounds."[8]

30. Yellow 5, or FD&C Yellow 5, is a synthetic dye produced from petroleum;[9] this synthetic dye is present in Defendant's Products.

31. Blue 1, or FD&C Blue 1, is a synthetic dye produced from petroleum;[10] this synthetic dye is present in Defendant's Products.

32. Red 33, or D&C Red 33, is a synthetic dye produced from petroleum or coal tar sources;[11] this synthetic dye is present in Defendant's Products.

33. Upon information and belief, Yellow 5, Blue 1 and Red 33—ingredients present in Defendant's Products—are synthetic compounds which incorporate and/or are derived from petroleum compounds, and are thus prohibited by the NPA Standard and Certification for PCPs.

34. Yellow 5, Blue 1 and Red 33—ingredients present in Defendant's Products—are not 'natural' nor are they associated with "NATURE".

35. Defendant's misrepresentations about the Products as set forth herein were uniform and were communicated to Plaintiff, and to every other member of the Class, at every point of purchase and consumption.

36. By labelling the Products "NATURE" or 'natural', Defendant deceives and misleads reasonable consumers. A reasonable consumer purchases the Products believing they are natural based on the Products' labeling. However, a reasonable consumer would not deem the Products natural if that consumer knew that the ingredients contained in the Products are artificial/synthetic, highly processed and/or non-natural. Defendant's scheme to mislead and deceive consumers about the natural qualities of the Products is particularly egregious with respect to Defendant's use of synthetic dyes in the Products. Specifically, Defendant knowingly and intentionally manipulates the colors with unnatural synthetic dyes to make them appear more natural, while omitting these synthetic dyes from other sibling brands or sub-brands in the Pro-V

---

[8] *Id* at pp. 1.

[9] EWG Skin Deep Guide, available at https://www.ewg.org/skindeep/ingredients/702442-fd-c-yellow-5/ (last accessed May 22, 2020).

[10] EWG Skin Deep Guide, available at https://www.ewg.org/skindeep/ingredients/702408-fd-c-blue-1/ (last accessed May 22, 2020).

[11] EWG Skin Deep Guide, available at https://www.ewg.org/skindeep/ingredients/701803-d-c-red-33/ (last accessed May 22, 2020).

CLASS ACTION COMPLAINT
- 7 -

line. For example, Pro-V Daily Moisture Renewal and Pro-V Classic Clean shampoos have an opaque, milky color and creamy appearance, and are packaged in white or cream-colored bottles and the Pro-V Sheer Volume shampoo is completely clear and packaged in a clear bottle; none of these three brands or sub-brands list Yellow 5, Blue 1 and Red 33, nor does Defendant explicitly identify or list any similar synthetic dyes among the ingredients for the aforementioned Pro-V sibling brands or sub-brands. By contrast, Defendant's NATUREFUSION shampoo Product is clear, but packaged in a white/cream-colored bottle, reinforcing the deception that it is more natural by being color-free. Furthermore, this result is achieved by using the aforementioned dyes to counteract the colors that would result from the reaction and interaction of the many synthetic, artificial, non-natural chemicals and ingredients in Defendant's shampoo Products. Similarly, Defendant manipulates the color of its conditioner Products by adding synthetic dyes Yellow 5, Blue 1 and Red 33 to achieve a light green hue, evocative of the natural halved avocado depicted on the front of the Products' packaging, thus reinforcing the deception that it is more natural than similar and competing conditioner PCPs with a milky or creamy white hue. Furthermore, this result is achieved by using the aforementioned dyes to counteract the colors that would result from the reaction and interaction of the many synthetic, artificial, non-natural chemicals and ingredients in Defendant's conditioner Products.

37. Reasonable consumers, including Plaintiff, purchased the Products based upon their belief that they are natural. However, a reasonable consumer would not deem the Products natural if he/she knew that they contained synthetic, highly processed and/or non-natural ingredients.

38. Hence, Defendant's claims that the Products are "natural" are false and misleading.

39. Defendant has profited enormously from its false and misleading marketing of the Products. Consumers either would not have purchased the Products had they known they were not natural or would have purchased a less expensive product.

# CLASS ALLEGATIONS

40. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23. Plaintiff seeks to represent the following class ("Class" or "California Class") defined as follows:

> All consumers within the State of California who purchased the Products from June 5, 2016 to time of trial for their personal use, rather than for resale or distribution. Excluded from the Class are Defendant's current or former officers, directors, and employees; counsel for Plaintiff and Defendant; and the judicial officer to whom this lawsuit is assigned.

The requirements of Federal Rule of Civil Procedure 23 are satisfied because:

A. <u>Numerosity</u>: The members of the class are so numerous that joinder of all members is impracticable. While the exact number of class members is presently unknown to Plaintiff, based on Defendant's volume of sales, Plaintiff estimates that it is in the thousands.

B. <u>Commonality</u>: There are questions of law and fact that are common to the class members and that predominate over individual questions. These include the following:

   i. Whether Defendant materially misrepresented to the class members that the Products are from "nature" (*i.e.* are 'natural');

   ii. Whether Defendant's misrepresentations and omissions were material to reasonable consumers;

   iii. Whether Defendant's labeling, marketing, and sale of the Products constitutes an unfair, unlawful, or fraudulent business practice;

   iv. Whether Defendant's labeling, marketing, and sale of the Products constitutes false advertising;

   v. Whether Defendant's conduct injured consumers and, if so, the extent of the injury; and

   vi. The appropriate remedies for Defendant's conduct.

C. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the class members because Plaintiff suffered the same injury as the class members—*i.e.*, Plaintiff purchased the

1 Products based on Defendant's misleading representations that the Products are natural.

2         D.     <u>Adequacy</u>: Plaintiff will fairly and adequately represent and protect the
3 interests of the members of each class.  Plaintiff does not have any interests that are adverse to
4 those of the class members.  Plaintiff has retained competent counsel experienced in class action
5 litigation and intends to prosecute this action vigorously.

6         E.     <u>Superiority</u>: A class action is superior to other available methods for the fair
7 and efficient adjudication of this controversy.  Class action treatment will permit a large number
8 of similarly situated persons to prosecute their common claims in a single forum simultaneously,
9 efficiently, and without the unnecessary duplication of effort and expense that numerous individual
10 actions would engender.  Since the damages suffered by individual class members are relatively
11 small, the expense and burden of individual litigation make it virtually impossible for the class
12 members to seek redress for the wrongful conduct alleged, while an important public interest will
13 be served by addressing the matter as a class action.

14     41.    The prerequisites for maintaining a class action for injunctive or equitable relief
15 under Federal Rule of Civil Procedure 23(b)(2) are met because Defendant had acted or refused to
16 act on grounds generally applicable to each class, thereby making appropriate final injunctive or
17 equitable relief with respect to each class as a whole.

**FIRST CAUSE OF ACTION**

**(Violation of the California Consumers Legal Remedies Act – By the California Class)**

42. Plaintiff incorporates by reference the allegations set forth above.

43. Plaintiff and the California Class members are "consumers" under the California Consumers Legal Remedies Act ("CLRA"), California Civil Code section 1761(d).

44. The Products are "goods" under California Civil Code section 1761(a).

45. The purchases by Plaintiff and the California Class members of the Products are "transactions" under California Civil Code section 1761(e).

46. As alleged above, Defendant has violated California Civil Code sections 1770(a)(5), (a)(7), and (a)(9) by making false representations on the Product packaging and in marketing (as detailed herein) that the Products are natural when in fact they contain synthetic and/or highly processed ingredients, which are not natural.

47. Plaintiff and the California Class members relied on the representations by Defendant. Plaintiff and the California Class members would not have purchased the Products at the price offered if they had known that, contrary to Defendant's representations, the Products are not, in fact, natural. Plaintiff and the California Class members suffered damages equal to the purchase price of the Products.

48. Plaintiff seeks injunctive relief.

49. Plaintiff also seeks damages. Pursuant to California Civil Code 1782(a), Defendant was sent a pre-suit demand letter or June 5, 2020 that demanded that Defendant correct, repair, replace, or otherwise rectify the goods at issue here. Defendant refused to comply with the demand.

**SECOND CAUSE OF ACTION**

**(Violation of the California False Advertising Law – By the California Class)**

50. Plaintiff incorporates by reference the allegations set forth above.

51. The California False Advertising Law ("FAL"), California Business and Professions Code section 17500 *et seq.*, makes it unlawful for a person, firm, corporation, or association to induce the public to buy its products by knowingly disseminating untrue or

1  misleading statements about the products.

2      52.    Defendant's labeling and advertisings includes untrue and misleading statements
3  that the Products are natural. These representations were and continue to be likely to deceive a
4  reasonable consumer.  If consumers knew the true facts regarding the Products, as detailed above,
5  they would not have purchased the Products.  Defendant knew, or reasonably should have known,
6  that its representations concerning the Products were and are untrue and misleading, since they
7  know how the Products and their ingredients are manufactured.  Defendant made the
8  representations at issue with the intent to induce Plaintiff and the California Class members to
9  purchase the Products.  Plaintiff and the California Class members purchased the Products in
10 reliance on the untrue and misleading representations by Defendant.

11     53.    Pursuant to California Business & Professions Code section 17535, Plaintiff and
12 the California Class members seek restitution of the purchase price paid for the Products and an
13 injunction barring Defendant from continuing its deceptive advertising practices.

### THIRD CAUSE OF ACTION

**(Violation of the California Unfair Competition Law – By the California Class)**

16     54.    Plaintiff incorporates by reference the allegations set forth above.

17     55.    The California Unfair Competition Law, California Business and Professions Code
18 section 17200 *et seq.*, prohibits any unlawful, unfair, or fraudulent business act or practice.

19     56.    Defendant's conduct is unlawful because it violates the CLRA and the FAL as
20 alleged below.

21     57.    Defendant's conduct is fraudulent because, as alleged above, Defendant's
22 representations concerning the Products were false and misleading, and Plaintiff and the California
23 Class members relied on those representations in purchasing the Products.

24     58.    Plaintiff and the California Class members have suffered injury in fact and lost
25 money as a result of Defendant's conduct, since they purchased the Products in reliance on
26 Defendant's misrepresentations and would not have purchased the Products if they had known the
27 true facts about the Products.

28

CLASS ACTION COMPLAINT
- 12 -

59. Pursuant to California Business and Professions Code § 17203, Plaintiff and the California Class members seek restitution of the purchase price paid for the Products, as well as an injunction barring Defendant from continuing its deceptive advertising practices.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for judgment against Defendant as follows:

A. For an order enjoining Defendant from continuing the unlawful practices set forth above;

B. For an order requiring Defendant to disgorge and make restitution of all monies Defendant acquired by means of the unlawful practices set forth above;

C. For compensatory damages according to proof;

D. For punitive damages according to proof;

E. For reasonable attorneys' fees and costs of suit;

F. For pre-judgment interest; and

G. For such other relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury on all claims so triable.

Date: November 19, 2020               Respectfully submitted,

**REESE LLP**

*/s/ Michael R. Reese*
Michael R. Reese (Cal. State Bar No. 206773)
*mreese@reesellp.com*
Sue J. Nam (Cal. State Bar No. 206729)
*snam@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

**REESE LLP**
George V. Granade (Cal. State Bar No. 316050)
*ggranade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
Facsimile: (212) 253-4272


**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan
505 Northern Blvd Ste 311
Great Neck New York 11021-5101
Telephone: (516) 303-0552
Email: *spencer@spencersheehan.com*

*Counsel for Plaintiff and the Proposed Class*