UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SEAN MCGINITY,**<br><br>             Plaintiff,<br><br>      vs.<br><br>**THE PROCTER & GAMBLE COMPANY,**<br><br>             Defendant. | Case No. 4:20-cv-08164-YGR<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 19 |

Plaintiff Sean McGinity bring this class action complaint against defendant Procter & Gamble Company ("P&G") alleging that P&G fraudulently represented that the ingredients in its "PANTENE PRO-V NATUREFUSION" shampoos and conditioners ("Products") were from nature or otherwise natural. (Dkt. No. 1) ("Compl.") Plaintiff brings three causes of action: (1) violation of the California Consumer Legal Remedies Act ("CLRA"), California Civil Code Section 1761(d); (2) violation of the California False Advertising Law ("FAL"), California Business and Professions Code Section 17500 *et seq.*; and (3) violation of the California Unfair Competition Law ("UCL"), California Business and Professions Code Section 17200 *et seq*.

Now before the Court is P&G's motion to dismiss. (Dkt. No.19). The motion is fully briefed. (*See also* Dkt. No. 23 and 26.) The Court determined that this matter was suitable for resolution on the papers and vacated oral argument on this issue. (Dkt. No. 27.)

Having carefully considered the briefing submitted and the pleadings in this action, the Court **GRANTS** the motion to dismiss.

I.    **BACKGROUND**

The complaint alleges the following:

On or about June 19, 2019, plaintiff purchased P&G's products at a Safeway grocery store in Santa Rosa, California. (Compl. ¶ 6). P&G markets, advertises, and sells its present formulations of its products in packaging which includes the label "NATURE FUSION" with an accompanying image of an avocado on a green leaf. (*Id.* ¶ 16.) Plaintiff alleges that P&G

1   representations on its packaging represents that the products are natural, meaning that they are
2   absent of any synthetic and non-natural ingredients. (*Id*. ¶ 4.) Plaintiff purchased the products, for
3   which he paid a premium, because he wanted to buy personal care products that were natural.
4   (*See Id.* ¶ 7.) Had plaintiff known at the time that the products were not natural but were instead
5   made with synthetic ingredients, he would not have purchased the products. (*Id.* ¶ 8.) Plaintiff
6   now seeks to enjoin P&G's false and misleading practices and to recover damages and restitution
7   on behalf of the class under applicable state laws. (*Id.* ¶ 4.)

## II.   LEGAL STANDARD

The parties do not dispute the legal standard.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199–1200 (9th Cir. 2003). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All allegations of material fact are taken as true and construed in the light most favorable to the plaintiffs. *Johnson v. Lucent Techs.*, *Inc.,* 653 F.3d 1000, 1010 (9th Cir. 2011). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). This "facial plausibility" standard requires the plaintiffs to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

Further, a plaintiff must state claims grounded in fraud with particularity. Fed. R. Civ. P. 9(b); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). The allegations must "be specific enough to give defendants notice of the particular misconduct . . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001). Averments of fraud must set forth the "who, what, when, where and how" of the alleged misconduct. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d

2

1097, 1106 (9th Cir. 2003).

**III.   ANALYSIS**

The reasonable consumer test governs deception-based claims under the UCL, FAL, and CLRA, which looks at whether members of the public are likely to be deceived by the conduct. *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (citing *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008)). This requires more than a mere possibility that a defendant's label on its products "might conceivably be understood by some few consumers viewing it in an unreasonable manner." *Id.* (*citing Lavie v. Procter & Gamble Co.*, 105 Cal.App.4th 496 (2003)). Instead, the reasonable consumer test requires "that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.* Consideration of whether a complaint sufficiently alleges that a reasonable consumer would be deceived by the defendant's representation is appropriate at the motion to dismiss stage. *See Becerra v. Dr. Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1228-31 (9th Cir. 2019) (affirming district court's dismissal of plaintiff's mislabeling claims for plaintiff's failure to sufficiently allege that reasonable consumers would be deceived by defendant's representations).

**A.   The Allegedly Misleading Statements**

Here, plaintiff's complaint alleges that P&G's use of the word "Nature" and the accompanying imagery of an avocado, a vitamin, and a leaf deceives consumers into believing that the products are from nature or otherwise natural. (Compl. ¶ 16.) Plaintiff contends that a reasonable consumer would not deem the products natural if they knew that they contained synthetic or non-natural ingredients. (*Id.* ¶ 37.) The crux of plaintiff's allegations is that P&G's labeling is deceptive because it causes reasonable consumers to believe that P&G's products do not contain synthetic or non-natural ingredients.

There are at least two issues with plaintiff's claim. First, plaintiff has failed to allege sufficient facts to show that a reasonable consumer would be deceived by P&G's labeling. The Court finds that plaintiff has not sufficiently alleged that it is misleading or deceptive for P&G to use the label "Nature Fusion" on its packaging. P&G makes no claim as to what ingredients are not included, or the amounts of certain ingredients included, in its products by using the words

3

"Nature Fusion" and the accompanying imagery of an avocado on a green leaf and what appears to be a gold vitamin with the word "PRO-V" affixed to it. Instead, as plaintiff concedes, P&G's use of the words alerts a reasonable consumer that the "products are composed of a 'Fusion' (or amalgam or mixture) of ingredients that are from 'Nature'". (Opp. at 2.) Plaintiff's complaint does not plausibly allege that a reasonable consumer would understand such fusion to mean the absence of synthetic ingredients. In fact, the allegations state the opposite. The third-party survey that plaintiff cites in the complaint confirms as much. *See* Compl. ¶4. Plaintiff alleges that "a recent consumer survey of more than 400 consumers conducted by an independent third party evidences that more than 77% of consumers were deceived to believe the product contained *more* natural ingredients than artificial ingredients." (*Id.*) Thus, the survey confirms that a reasonable consumer would understand P&G products to contain both ingredients from nature and synthetic ingredients—which they do.

Further, P&G's ingredients list included on the back of its packaging confirms that the products contain both natural and synthetic ingredients.[1] *See Moore v. Mars Petcare, US, Inc.*, 966 F.3d 1007, 1017 (9th Cir. 2020) ("qualifiers in packaging, usually on the back of a label or in ingredient lists, 'can ameliorate any tendency of the label to mislead.'") The ingredients include both Persea Gratissima oil, which is another word for avocado oil, and many of the synthetic ingredients identified in the complaint. *See* Decl. of Croswell, Exs. A-B. Thus, the Court finds that plaintiff has not sufficiently alleged how a reasonable consumer would be deceived into believing that the products did not contain any synthetic ingredients given the express inclusion of such ingredients on the products packaging. Accordingly, the Court finds that plaintiff has failed to sufficiently state a claim under the CLRA, FAL, and the UCL for deceptive and/or misleading

---

[1] P&G requests that the Court take judicial notice of its products' labels. *See* Dkt. No. 20 (Request for Judicial Notice). A court may take judicial notice of a document on which the complaint "necessarily relies" if: (1) "the complaint refers to the document," (2) "the document is central to the plaintiff's claim," and (3) "no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Daniels-Hall v. National Educ. Ass'n.*, 629 F.3d 992, 998 (9th Cir. 2010). Thus, the Court **GRANTS** P&G's request and takes notice of P&G's product packaging because plaintiff's claim depends on what the packaging represents, and plaintiff does not oppose the request. *See* Dkt. No. 24 (Statement of Non-Opposition).

practices.

Moreover, P&G's lack of use of the word "Natural" in its labeling and packaging is significant. Plaintiff relies on a handful of cases finding that other defendants' use of the word "Natural" in labeling actionable under various consumer protection statutes. In citing those cases, plaintiff asks the Court to consider plaintiff's use of the word "Nature" as synonymous with the word "Natural." The facts of those cases are different and therefore do not persuade the Court that an extension in this case is appropriate. Here, plaintiff has not alleged, nor does the Court think he could, that shampoos and conditioners occur in nature, and are therefore a byproduct of natural conditions. Thus, the Court finds that plaintiff's argument does not persuade.

**IV.   CONCLUSION**

For the foregoing reasons, and in an abundance of caution, the Court Grants P&G's motion to **DISMISS WITH LEAVE TO AMEND.**

Plaintiff shall file an amended complaint within **twenty-one (21)** days from the date of this Order. P&G shall respond within **twenty-one (21)** days from plaintiff's filing. To the extent P&G files a motion to dismiss, it shall not assert any grounds which could have been asserted in the instant motion.

This Order terminates Docket Number 19.

**IT IS SO ORDERED.**

Dated: August 31, 2021

_____
**YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE**