**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **SEAN MCGINITY,**<br>     Plaintiff,<br>vs.<br>**THE PROCTER & GAMBLE COMPANY,**<br>     Defendant. | CASE NO. 20-cv-8164-YGR<br><br>**ORDER GRANTING MOTION TO DISMISS AMENDED COMPLAINT**<br>Re: Dkt. No. 32 |

Defendant Procter & Gamble Company ("P&G") filed a motion to dismiss plaintiff Sean McGinity's amended complaint on October 13, 2021. (Dkt. No. 32.) The motion was heard by the Court on December 7, 2021 by videoconference.

Having carefully considered the briefing and arguments submitted in this matter, and for the reasons set forth in full detail on the record, the motion to dismiss is **GRANTED WITHOUT LEAVE TO AMEND**. Plaintiff's amended complaint fails for the same reasons identified in the Court's order dismissing the original complaint. (*See* Dkt. No. 30.) The amended complaint fails to allege sufficient facts to show that a reasonable consumer would be deceived by P&G's labeling. The reasonable consumer test governs deception-based claims under the UCL, FAL, and CLRA, which looks at whether members of the public are likely to be deceived by the conduct. *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (*citing Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008)). This requires more than a mere possibility that a defendant's label on its products "might conceivably be understood by some few consumers viewing it in an unreasonable manner." *Id.* (*citing Lavie v. Procter & Gamble Co.*, 105 Cal.App.4th 496 (2003)).

During the hearing plaintiff relied on two cases, *Paulino v. Conopco, Inc.*, No. 14-cv-5145-(JG)-(RML), 2015 WL 4895234 (E.D.N.Y. Aug. 17, 2015) and *Goldemberg v. Johnson & Johnson Consumer Cos.*, 8 F. Supp. 3d 467 (S.D.N.Y. 2014), to argue that a reasonable consumer is likely to be deceived by defendant's labeling and packaging. However, as explained in the

Court's order dismissing the original complaint, those cases are distinguishable. For one, both cases dealt with products that used the word "Natural" in its labeling and packaging. Plaintiff asks the Court to consider the use of the word "Nature" as synonymous with the word "Natural." However, plaintiff has not provided the Court with any authority that an extension in this case is appropriate.

Moreover, the facts in both *Paulino* and *Goldemberg* are different from the facts here. In *Paulino*, the court denied defendant's motion to dismiss, finding that plaintiff's allegations regarding the use of the word "Naturals" coupled "statements that the [p]roducts are 'infused with' various natural-sounding ingredients, such as 'mineral-rich algae extract'" and "the [p]roducts' names themselves reflect a natural environment or objects, including for example, 'Rainforest Fresh' and 'Waterfall Mist'" were sufficient to allege that defendant's labeling could mislead a reasonable consumer. *Paulino*, 2015 WL 4895234, at *5-6. Similarly, the representations in *Goldemberg* "involved potentially misleading product trademarks, not merely claims about the products placed on the labels" and also included allegations about defendant's advertising of its products on social media and its website. *Goldemberg,* 8 F. Supp. 3d at 479-80. The court found that defendant's use of the phrase "Active Naturals" in its labeling, seen it tandem with "the website and Facebook page plausibly support [p]laintiff's contention that a reasonable consumer could be misled." *Id.* at 480. Here, plaintiff's complaint does not include the same level of factual details as *Paulino* and *Goldemberg*. Thus, those cases do not persuade.

Accordingly, the Court **GRANTS** the motion to dismiss without leave to amend.

This Order terminates Docket Number 32.

**IT IS SO ORDERED.**

Dated: December 17, 2021

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE